1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LOUIS RANDOLPH, a.k.a.
CLYDE LEWIS

Petitioner,

v.

JAMES DZURENDA, *et al*.,

Respondents.

Case No. 2:24-cv-00106-GMN-MDC

ORDER

On January 17, 2024, this court denied petitioner's motion to proceed *in forma pauperis* and directed him to pay the filing fee for his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 5.  He complied with that order and paid the required fee. ECF No. 6. The court has conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.  For reasons that follow, the petition will be dismissed for lack of jurisdiction.

With his petition, petitioner seeks to set aside a 1997 Nevada judgment of conviction for first-degree murder with use of a deadly weapon, burglary, and robbery with use of a deadly weapon.  The court notes that petitioner brought a previous habeas action in this court challenging the same conviction. *Randolph v. Helling*, 2:02-cv-00429-RCJ-LRL.  In that proceeding, the court denied the habeas petition on the merits. *Id*., ECF Nos. 63/64.  The Ninth Circuit Court of Appeals subsequently affirmed that decision. *Id*., ECF Nos. 90/91.

If a petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in the prior application. 28 U.S.C. § 2244(b)(1). In addition, the court cannot grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

Petitioner has failed to secure an order from the court of appeals authorizing this action as required by § 2244(b)(3). Therefore, this court is without jurisdiction to consider the habeas petition filed herein. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

IT IS THEREFORE ORDERED that the Clerk shall file the petition for writ of habeas corpus (currently docketed as ECF No. 1-1). The petition is dismissed for lack of jurisdiction. The Clerk shall enter judgment accordingly and close this case.

IT IS FURTHER ORDERED that a certificate of appealability is denied as jurists of reason would not find the court's decision debatable or incorrect.

DATED this __27__ day of __February__, 2024.

_____
U.S. District Judge Gloria M. Navarro